IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCUS HARRIS,
A/K/A MARZUQ AL-HAKIM

    Plaintiff,
v.                                              CASE NO. 4:14-cv-575-RH-GRJ

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's "Objections to Removal and Remand Back to State Court," which the Court construes as a motion for remand. Doc. 6. Defendants have failed to file a response in opposition to Plaintiff's motion, and the time to do so has now passed. For the reasons discussed below, Plaintiff's motion for remand should be denied.

Plaintiff initiated this *pro se* civil rights action in state court, and Defendants timely removed the case to federal court. Doc. 1. As Plaintiff did not file his Complaint on the civil rights complaint form to be used by prisoners proceeding in federal court in actions under 42 U.S.C. § 1983, Defendants requested the Court to enter an order directing Plaintiff to resubmit the complaint on a court-approved form. Doc. 3. The Court granted Defendants motion and directed Plaintiff to resubmit the complaint on the court's approved form. Doc. 5. Plaintiff has now submitted his Second Amended Complaint. Doc. 8.

Despite filing the Second Amended Complaint, Plaintiff objects to the removal of his case. Plaintiff argues Defendants removed the case in bad faith, that the removal constitutes forum-shopping and that because the state courts have concurrent jurisdiction over § 1983 actions the case should remain there.

Although state courts have concurrent jurisdiction over § 1983 actions, this does not preclude a defendant from removing the action to Federal Court. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by to the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. In Plaintiff's Amended Complaint Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated under the First and Fourteenth Amendments and for violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Because these are claims over which this Court has original jurisdiction, removal pursuant to 28 U.S.C. § 1441(a) was proper, regardless of Defendant's subjective motivations for removing the case and regardless of whether the claims had been filed first in state court. There is no merit to Plaintiff's request to remand this case to state court.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that

Plaintiff's "Objections to Removal and Remand Back to State Court," construed as a motion to remand, Doc. 6, should be **DENIED.**

**IN CHAMBERS** this 17th day of December 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:14-cv-575-RH-GRJ*